IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 7:20-CR-40-O |
| COBY DALLAS ACHESON | |

### PLEA AGREEMENT WITH WAIVER OF APPEAL

Coby Acheson ("Defendant"), Dustin Nimz, Defendant's attorney, and the United States of America ("government"), agree as follows:

1. **Rights of Defendant:** Defendant understands that he has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty:** Defendant waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, which charges a violation of 18 U.S.C. § 922(g)(1), that is, Possession of a Firearm by a Felon. Defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The penalties the Court can impose include:

    a. imprisonment for a period not to exceed ten (10) years;

Plea Agreement – Page 1

b.     a fine not to exceed $250,000, or both a fine and imprisonment;

c.     a term of supervised release not to exceed three (3) years. If Defendant violates the conditions of supervised release, Defendant could be imprisoned for the entire term of supervised release;

d.     a mandatory special assessment of $100; and

e.     forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines:** Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with Defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that a sentence within the guidelines range is the appropriate term of imprisonment in this case. However, Defendant understands that this recommendation is not binding on the Court, and Defendant will not be allowed to withdraw Defendant's plea if the recommendation is not adopted, if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable guideline range. Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment:** Defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Forfeiture of Property:** Defendant agrees not to contest, challenge, or

appeal in any way the administrative or judicial forfeiture to the United States of any property seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. Defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any applicable statutes of limitation, and any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure. Defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

7.  **Defendant's agreement**: In order to assist in the collection of fines and restitution, Defendant shall, upon demand, submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. Defendant

understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8. **Government's Agreement:** The government will not bring any additional charges against Defendant based upon the conduct underlying and related to the Defendant's plea of guilty. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

9. **Violation of Agreement:** Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant waives objection to the use against him of any information or statements he has provided to government and any resulting leads.

10. **Voluntary Plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Representation of Counsel:** Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's

legal representation. Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Defendant has concluded that it is in his best interest to enter into this plea agreement, and all of its terms, rather than to proceed to trial in this case.

12. **Waiver of right to appeal or otherwise challenge sentence**: Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. **Limitation of Agreement:** This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

14. **Entirety of Agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 3rd day of November, 2020.

_____
COBY DALLAS ACHESON
Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
MATTHEW R. WEYBRECHT
Assistant United States Attorney
Texas State Bar No. 24102642
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:  817.252.5200
Facsimile:  817.978.3094

_____
DUSTIN NIMZ
Attorney for Defendant

_____
ALEX C. LEWIS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

COBY DALLAS ACHESON
Defendant

11/03/2020
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

DUSTIN NIMZ
Attorney for Defendant

11/03/2020
Date